# Weekly Advance Abstract Opinions
# CURRENT OHIO SUPREME COURT CASES

No. 50
## JOHNSTON ET AL v. DEATON ET AL
Ohio Supreme Court, No. 17182, decided June 6, 1922
For full opinion see 105 OS., 285

PARTITION—(1) Jurisdiction on appeal—Now allowed under Constitution, Sec. 6., Art. IV.

BY THE COURT:

Epitomized Opinion
Error to Champlain Court of Appeals

The plaintiff began action to partition of two 80 acre tracts of land between herself and defendant. The commissioners reported against division, and appraised each tract separately. The Common Pleas overruled plaintiff's objection to the rule of the commissioners, and ordered the premises sold. The Court of Appeals held "no appeal lies from the order under consideration." The Supreme Court held:

1. That it has recently decided, in 104 OS., 188, that the term "judgment" appearing in Sec. 6, Art. IV, Ohio Const., as amended in 1912, is no longer limited to the restricted meaning given it formerly by the legislature in 11582 GC., but it now comprehends all decrees and final orders rendered by a court of competent jurisdiction which determine the rights of the parties affected thereby.

Attorneys—Todd & O'Donnell and James N. Linton, for Johnston; Deaton, Bodley & Bodley, for Deaton.

No. 51
## LAMBERT, et al, V. STATE
Ohio Supreme Court, No. 17121—May 30, 1922. For full opinion see 104 OS.

CRIMINAL LAW (1) Circumstantial evidence undue weight. (2) Charge tending to absolve jurors of duties under oath. (3) Assumption of fact in charge. (4) Hearsay evidence.

JONES, J.

Epitomized Opinion
Error to Ross County Court of Appeals

The defendants were arrested and tried upon circumstantial evidence for the robbery of a box car, there being no direct evidence as to guilt by the State. The defendants offered direct evidence in defense. The Court charged the jury that people lie on the stand, but where a circumstance is proved to be a fact, then of course, there is no getting away from the fact; and that a jury were human, just as men on the street, and should act and decide as men on the street would act and decide. The court also admitted evidence that one of the defendants had told witness that he intended to rob a box car. The court in its charge used language which was argumentative as against defendants.

The defendants were convicted in Common Pleas. The Court of Appeals affirmed Common Pleas. The Supreme Court in reversing both courts, held:

(1) That a charge which gives undue weight and credence to circumstantial evidence over direct evidence is prejudicial and reversable error.

(2) A charge which tends to absolve the jurors from the duties to be performed by them of passing upon the evidence under their oaths, was erroneous, and constituted reversable error.

(3) For the trial judge to assume in its charge that facts had been proven and statements herein in argumentative form, is wholly unwarranted, and is prejudicial.

(4) That testimony of a witness that he had information from the accused that he, the accused intended to commit a crime, is merely hearsay evidence, and its admission was erroneous.

Attorneys—Joseph McGhee and Louis D. Johnson, both of Columbus, and E. A. Tinker and Wilber McKenzie, both of Chillicothe, for Lambert; John P. Phillips, Jr., Pros. of Chillicote, for State.

No. 52
## TOLEDO COOKER CO. v. SNIEGOWSKI
Ohio Supreme Court, No. 16932, May 16, 1922
For full opinion see 105 OS 161; 146 NE 904

WORKMEN'S COMPENSATION—Civil liability of employer—Guarding dangerous machinery—Sec. 1927 GC.

BY THE COURT:

Epitomized Opinion
Error to Lucas County Court of Appeals

Sniegowski was employed in the operation of a heavy punching press. While so employed, the press came down unexpectedly, and crushed his hand. He brought suit in the Court of Common Pleas, alleging violation of a lawful requirement upon the part of his employer, and that he had been peremptorially ordered to work on a dangerous machine in a defective condition, wholly unguarded, in violation of 1027 GC. The Court of Common Pleas held against him on the law, the Court of Appeals reversed the Common Pleas, and the Supreme Court, in a short opinion, reversed the Common Pleas, on authority of Patten v. Aluminum Castings Co., 105 OS 1, which holds that this section of the code imposes only a common law duty, ordinary care and holds the employer only for common law liability.

Judge Wannamaker submits a long and strong dissenting opinion, arguing against the opinion of a majority of the court.

Attorneys—Marshal & Fraser, for plaintiff; Ritter, Hutchens & Gardner, for defendant.

No. 53
## CAIN V. BROWN
Ohio Supreme Court, No. 17,238, May 31, 1922. 105 OS. 264

LANDLORD AND TENANT (1) Deposit for security, not forfeited, by forfeiture of lease.

JOHNSON, J.

Epitomized Opinion
Error to Court of Appeals, Franklin County. Affirmed.

By the terms of a lease $750 was deposited by lessee, to secure the payment of rent and to be applied in payment of the last five months rent of the term. Lessor to pay $37.50 interest per year on same, up and to the beginning of the last five month period. The lease was forfeited long before the beginning of the five month period. Lessor contended that the $750 deposited was forfeited and refused to refund; lessee brought suit by cross-petition to recover the amount. The Supreme Court held:

(1) Where a deposit for security for payment of rent is made and the lessor forfeits the lease for condition broken, where the deposit is not part of the consideration for the making of the lease, and no provision is contained in the lease, that the deposit shall be regarded as liquidated damages:

(2) And where interest is to be paid on deposit, the forfeiture of the lease does not forfeit the deposit, and the lessee is entitled to recover the balance of deposit remaining, after deducting any unpaid rent, and damages, lessor may be entitled to.

Attorneys—Crawfis, Bradford & Domes and Weinland, Kahle & David, all of Columbus, for Cain. James A. Allen, of Columbus, for Brown.