# STATE SUPREME COURT
## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO
### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.

Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.

Clerk—Seba H. Miller, Springfield.

Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins. H L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

---

## DECIDED CASES

### SYLLABI

No. 17565—The Ohio Automatic Sprinkler Co. v. Hannah Fender. Error to the Court of Appeals of Mahoning county.

WORKMEN'S COMPENSATION—(1) Jury question—(2) Sec. 1027 GC. constitutes a lawful requirement—(3) Lawful requirement defined—(4) Cases 96 OS. 305; 105 OS. 1 and 161 overruled.

ALLEN, J.

1. The question whether a punch press is a dangerous machine is a question of fact for the jury.

2. Section 1027, subdivision 7, of the General Code of Ohio, constitutes a lawful requirement within the meaning of Section 35, Article II, of the Ohio Constitution, and Section 29 of the Workmen's Compensation Act (Section 1465-76, General Code; 103 OL., 84).

3. A lawful requirement within the meaning of Section 35, Article II, of the Ohio Constitution, and Section 29 of the Worwmen's Compensation Act (Section 1465-76, General Code; 103 OL., 84) includes statutes and ordinances, lawful orders of duly authorized officers, specific and definite requirements constituted by law, and laws requiring a general course of conduct embodying general duties and obligations of care and caution which enlarge or change the common law in that regard, including requirements relating to safety of the place of employment and to the furnishing and use of devices, safeguards, methods and processes designed for the reasonable protection of the life, health, safety and welfare of employes.

4. The cases of American Woodenware Mfg. Co. v. Schorling, 96 Ohio St., 305; Patten v. Aluminum Castings Co., 105 Ohio St., 1, and Toledo Cooker Co. v. Sniegowski, 105 Ohio St., 161, are overruled.

Judgment affirmed.

Marshall, C. J., Wanamaker and Day, JJ., concur. Robinson, Jones and Matthias, JJ., dissent.

---

No. 17836—Grace L. Myers, formerly Grace L. Benedict, v. John Hancock Mutual Life Insurance Company. Error to the Court of Appeals of Hamilton county.

Agency—(1) Knowledge of or notice to, when binding upon principal—(2) LIFE INSURANCE—Effect of knowledge of physician examiner, not communicated to company.

MATTHIAS, J.

1. Knowledge of or notice to an agent is not binding upon his principal unless it appear that such agent had authority to deal in reference to those matters which the knowledge or notice affected, or had a duty to communicate the same to his principal.

2. Where a physician is employed by a life insurance company merely for the purpose of making a medical examination and a report thereof to the company, and has no other duty or authority with reference thereto, subsequent knowledge of such physician with reference to changed physical condition of the applicant examined by him prior to the approval of policy, and uncommunicated by him to the company, is not binding upon the company, nor does it constitute a waiver of the provision in the application that such policy shall become effective upon approval at the home office of the company "while the person to be insured is in the same condition of insurability."

Judgment affirmed.

Marshall, C. J., Robinson, Jones and Day, JJ., concur.

---

No. 17255—Pittsburg Coal Co. v. the Industrial Commission of Ohio. Error to the Industrial Commission.

WORKMEN'S COMPENSATION—(1) Review of an award by the Industrial Commission, under 871-38 GC.—(2) Adequate remedy provided employer, to contest jurisdiction, provided by 1465-74 GC.

JONES, J.

1. Section 871-38, General Code, does not authorize an employer to invoke the jurisdiction of this court for the purpose of reviewing an award made by the industrial commission under the workmen's compensation act.

2. Section 27 of the workmen's compensation act (Section 1465-74, General Code), enacted in 103 OL., 82, provides an adequate remedy by due course of law whereby an employer, when sued for the compensation fixed, may contest all jurisdictional facts necessary to be determined by the commission before making an award for compensation.

Demurrer sustained. Petition dismissed.

Wanamaker, Matthias, Day and Allen. JJ., concur.

---

No. 17890—Harold L. Hilton, Police Justice, etc., v. the State, ex rel. Charles Bell, Prosecuting Attorney, etc. Error to the Court of Appeals of Hamilton county.

MUNICIPAL OFFICERS—Police justice, not to be appointed by council under 4544 GC.

ROBINSON, J.

The provisions of Section 4544, General Code (98 OL. 159), to the extent of conferring power upon the council of a municipality to appoint a police justice, are unconstitutional and therefore void.

Judgment affirmemd.

Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.