ZYWICZYNSKI, APPELLANT, *v.* ZYWICZYNSKI, APPELLEE.

(No. 3946—Decided March 1, 1943.)

*Mr. Thaddeus N. Walinski,* for appellant.
*Messrs. Doyle & Lewis* and *Mr. Melvin P. Lewis,* for appellee.

LLOYD, J. On December 30, 1936, in an action commenced by Henry Zywiczynski, a divorce was granted to his wife, Agnes Zywiczynski, on her cross-petition, and in conjunction therewith alimony was awarded to her, consisting of certain chattel property "and the exclusive right of occupancy of the premises in which the parties have heretofore resided, to wit: 224 Pulaski street, Toledo, Ohio, and further described as follows: The south one-half (½) of the north one-half (½) of lots number three hundred and thirty-two (332), three hundred and thirty-three (333), three hundred and thirty-four (334) in Junction Avenue Addition to the city of Toledo, Lucas county, Ohio, said defendant to enjoy the exclusive use and occupancy of said premises so long as she desires to reside therein."

The court further ordered and adjudged: "that should said defendant desire to sell her undivided one-half (½) interest in said property, she shall submit to the court a price for the purchase of the entire property and if in the opinion of the court said price is fair and reasonable, he shall order said property to be sold and plaintiff and defendant shall execute a good and sufficient deed for said property and the proceeds of said sale, after payment of the expenses thereof, shall be divided equally between said plaintiff and the defendant, share and share alike."

The court also ordered that the cause ''be continued for further hearing as to alimony.''

Pursuant to this order of continuance, the court on December 15, 1937, ordered and adjudged that in addition to the award of alimony theretofore made, defendant, Agnes Zywiczynski, be awarded $5 per week commencing not later than December 24, 1937. The plaintiff, Henry Zywiczynski, was ordered to pay the costs of the action.

Later, the per-weekly payment of $5 was increased and thereafter, on September 28, 1940, a lump sum judgment for $709.94 was rendered in favor of the defendant, Agnes Zywiczynski, and was declared to be a first and best lien on the aforesaid described Pulaski street premises.

On October 15, 1942, the defendant filed a motion designated as a ''motion to show cause,'' asking the court to require the plaintiff, Henry Zywiczynski, to show cause why he should not dismiss cause of action No. 160899, entitled *Henry Zywiczynski* v. *Agnes Zywiczynski,* filed in the Court of Common Pleas on September 18, 1942, that being an action for partition of the Pulaski street premises. The court granting this motion ordered and adjudged that the plaintiff therein, Henry Zywiczynski, ''shall forthwith dismiss at his costs said cause No. 160899 entitled *Henry Zywiczynski* v. *Agnes Zywiczynski.*'' From that order and judgment the plaintiff, appellant herein, Henry Zywiczynski, appeals to this court on questions of law, assigning as error that the court ''had no power and jurisdiction over the matter to issue the order for dismissal.'' This order was an order of the Court of Common Pleas, not of a judge thereof disassociated in the discharge of his official duties from the court as an entity, and was binding upon the plaintiff unless declared by some judicial authority to be a nullity. It was, in effect, an injunction restraining the prosecution

by the plaintiff therein of the partition action, an action which the plaintiff, it must be admitted, had a right to commence. Whether, upon trial thereof, he will be successful therein is of no importance here. He may or may not be, but certainly the court may not deny him the trial of the issues presented therein.

This court is of the opinion, therefore, that the order is a final order as defined by the Supreme Court in *Johnston* v. *Deaton,* 105 Ohio St., 285, 137 N. E., 10, and appealable. The motion of the defendant (appellee) to dismiss the appeal is therefore denied and the order of the Court of Common Pleas is reversed, vacated and set aside and the cause is remanded to that court for execution and for further proceedings according to law.

*Order reversed and cause remanded.*

CARPENTER and STUART, JJ., concur.