SWANK, APPELLANT, *v.* WILSON, APPELLEE.

(No. 1971—Decided April 16, 1947.)

*Messrs. Randolph & Johnson,* for appellant.
*Mr. J. Dale McNamar* and *Mr. Harold E. Rutledge,*
for appellee.

MONTGOMERY, J. The action in the Court of Common Pleas was one for partition of three tracts of real estate, the first tract consisting of approximately 40 acres of land outside the corporate limits of the city of Newark, and the second and third parcels being property within the city. Commissioners were appointed under the provisions of Section 12029 *et seq.,* General Code. They made a division of the first tract of land between the parties and returned the appraised value as to the second and third parcels. No question is here raised about these latter two parcels. The plaintiff, appellant herein, filed a motion to confirm the report of the commissioners, and the defendant, appellee herein, filed exceptions thereto so far as the first tract is concerned.

The trial court found that the acreage proposed to be aparted, while originally farm land, is, by reason of its proximity to the city of Newark, of a value much in excess of farm land value; that it should be divided with reference to its availability as building

lots and not as farm land; and that the commissioners had not taken into consideration the existence of a street already in existence along the south boundary line. The court found further that the division of the acreage between the parties was inequitable and unjust. The order of the court was that the exceptions of the defendant as to the partition of the first parcel be sustained; that the motion of the plaintiff to confirm so far as it affects the first parcel be overruled; and that the return of the commissioners so far as the first parcel is concerned be set aside and held for naught. The order was that an alias order of partition issue to the sheriff commanding him by the oaths of the commissioners heretofore appointed to cause to be set off and divided between the parties, as tenants in common, the parts to which they are respectively entitled, and if the same cannot be divided without manifest injury to the property that the commissioners appraise the same at its just value in money. No further action was taken in the Court of Common Pleas, and from that order this appeal was perfected.

During the presentation of this cause in oral argument the question arose in the minds of the members of the court as to whether there was a final order from which an appeal could be perfected to this court, and counsel were invited to discuss that proposition. They saw fit not to discuss it at any length, but announced to the court that the question was not being raised and that the cause was being submitted upon its merits. Regardless of the desires of counsel, which may be laudable enough, they could not, by consent, confer jurisdiction upon this court, and, if there was no final order from which an appeal could be perfected, this court would have no jurisdiction to hear and determine the merits of the cause. Furthermore, if the order is not a final order, it follows that no appeal would lie and,

consequently, no jurisdiction would be vested in this court.

The leading case in Ohio which determines the nature and character of partition actions is that of *Wagner* v. *Armstrong,* 93 Ohio St., 443, 113 N. E., 397. The second paragraph of the syllabus of that case is:

"All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law."

The importance of that decision, so far as we are concerned, lies in the last few quoted words. While appeal does lie in a chancery case, it can be only "under such terms and procedure as may be provided by law."

Section 12223-2, General Code, reads:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, * * * is a final order which may be reviewed, affirmed, modified, or reversed * * *."

We direct attention to the case of *Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221. That case arose in Fairfield county, in this appellate district, and the opinion in that case in this court was written by the scrivener of this opinion. In that opinion, with his associates concurring, he held that, in spite of the amendment to Section 12223-2, General Code, enacted by the Legislature shortly before that decision, the granting of a new trial was not a final order from which an appeal would lie. Upon the case being admitted to the Supreme Court, the judgment of this court was affirmed in a long and well considered opinion, *Hoffman* v. *Knollman, supra.*

The second paragraph of the syllabus in the *Hoffman case* is:

"An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final

determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such. order.''

Counsel for plaintiff, in brief and argument, stress the case of *Terrell* v. *Leonard,* 17 C. C. (N. S.), 89, 32 C. D., 34, wherein it was held that before the award of commissioners will be set aside it must appear clearly that the discretion thus vested in them has been plainly abused, or that they have made a manifest mistake. However, the question for our immediate consideration is not whether the commissioners abused their discretion, but whether the trial court abused his discretion in setting aside their award. When that question was propounded to counsel during the course of the oral argument they responded that there was no charge of abuse of discretion as against the trial court, and that question is, therefore, eliminated from our consideration. We refer again to the *Hoffman case.* The court in its opinion, on page 181, says:

''Though this court has interpreted the term 'judgments' so as to include 'final orders,' it has limited its application to acts or decrees of the court which give final effect to the central purpose or some independent branch of the litigation, finality being the touchstone in the determination of that quality.''

And, again, on page 184, the court says:

''There must be a dismissal of the action or some judgment in the broadest sense, determining the ultimate rights of the parties. The general verdict of the jury, as well as the granting of a motion for new trial, are merely interlocutory steps in the progress of the trial toward finality and judgment, but up to that point in the trial there is neither a judgment nor final order.''

Attention is directed to the recent case, decided by the Supreme Court of Ohio, of *Meyer v. Daniel, d. b. a. Oakley Realty Co.*, 147 Ohio St., 27, 67 N. E. (2d), 789.

In the course of the opinion in the case of *Fulton v. Madlener*, 57 Ohio App., 345, 14 N. E. (2d), 27, the court said on page 355:

"While the granting of a motion does affect a substantial right of the party in that it prevents a judgment, predicated upon the verdict, it does not by any stretch of construction, no matter how liberal, determine the action, or result in a final determination of the rights of the parties."

Counsel concede that there is no case in Ohio governing our exact proposition, and we have been unable to find any. We have cited the foregoing authorities because of what seems to us the very obvious parallel between the two situations. The granting of a motion for new trial is very similar to an order of the trial court setting aside the report of the commissioners. The one order is no more final than the other. In each case the matter is held in abeyance, or, rather, in a state to proceed toward a final determination. The rights of nobody are fixed by the order. There is nothing to indicate, and there is no presumption, that any injustice would be done this plaintiff by the commissioners proceeding further to act under the orders of the court. So far, at least, she has not been deprived of any substantial right.

In 40 American Jurisprudence, 70, Section 82, this proposition is stated:

"The view that a decree in a partition suit adjudicating the rights and interests of the respective parties, ordering and appointing commissioners to make partition according to the respective rights and interests of the parties as therein determined, is not a final, but an interlocutory, decree, and that an appeal does

not lie therefrom, is sustained by the great weight of authority."

Of course, that rule is not uniform and we are not bound by such statement, but it is interesting as indicating the general trend of thought upon the proposition. And coming to an application of the doctrine in other states which do permit appeals in such cases, it is interesting to note the exceptions and limitations placed thereon.

For instance, it was held in the case of *Loud* v. *Brigham*, 154 Mass., 107, 26 N. E., 1004, that:

"Exceptions taken and allowed in the Superior Court in partition proceedings which result in an interlocutory finding for the petitioner, may thereupon, before further proceedings are had in that court, be entered and heard in this court, if justice requires that it should be done."

However, it will be observed that that is done only in case the court should find that justice requires, and there there was a finding for the petitioner, thereby, at least, fixing some right, which is contrary to our situation. And the Massachusetts court, on page 109 of the opinion, said:

"This court has uniformly held that exceptions to interlocutory rulings or orders cannot be entered and heard in this court, when by subsequent proceedings in the case in the court where it is pending according to the regular course of proceedings the exceptions may become immaterial. A party may seem to be aggrieved by an interlocutory ruling, and, yet, as the cause proceeds to a conclusion he may in the court where it is pending prevail to the full extent of his claim, and it would be useless for this court to hear and decide exceptions before it appeared that the excepting party had been injured by the rulings excepted to if they were erroneous."

And in the case of *Bergman* v. *Rhodes,* 334 Ill., 137, 165 N. E., 598, 65 A. L. R., 344, the tenth paragraph of the syllabus, as reported in A. L. R., is:

"Where no appeal was prosecuted from a decree appointing commissioners in a proceeding by the beneficiaries of a testamentary gift of the proceeds of certain lands, to divide the property in kind, its validity may not be questioned on appeal from an order vacating a decree confirming the report of the commissioners."

This court, therefore, on its own motion, dismisses the appeal perfected in this case, and remands the case to the Court of Common Pleas for further proceedings.

*Appeal dismissed.*

PUTNAM, P. J., and McCLINTOCK, J., concur.