Peck, J.
The February 24, 1958, entry of the Court of Common Pleas, captioned “Judgment and Decree for Sale,” did two things of importance in the present consideration. First, it rendered a money judgment in favor of Queen City against the owners for the full balance found to be unpaid on the note secured by mortgage on the subject premises, and, second, it found that at the moment of its recording that mortgage “thereby became and still is the first and best lien upon the said real estate.” As noted above this entry preceded by some 17 days the active entrance of the lumber company into the case by the filing of its answer and cross-petition on March 12, 1958. It thus becomes important to determine whether the February 24 entry was a judgment from which an appeal could and should have been perfected.
The appellate jurisdiction of the Court of Appeals stems from Section 6, Article IV of the Constitution, which provides that the Court of Appeals shall have “such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals.”
Section 2505.03, Eevised Code, provides that “every final order, judgment, or decree of a court * * * may be reviewed as provided in * * * [subsequent sections],” and Section 2505.02, Eevised Code, provides that “an order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.”
The cases holding that a preliminary or interlocutory order is not reviewable on appeal on questions of law are legion (see 2 Ohio Jurisprudence [2d], 598, Appellate Beview, Section 32, and cases there cited), as are cases dealing with the question as to what constitutes a final order (ibid., 600, Section 33).
In spite of the fact that there are a vast number of decisions of the courts of this state dealing with the question of *386 what orders properly provide the basis for appellate review, no decision of this court and none of the inferior courts which have come to our attention have been concerned with precisely the type of judgment with which we are here concerned. Several of the cases decided by this court, however, are helpful.
In State, ex rel. K-W Ignition Co., v. Meals et al., Judges, 93 Ohio St., 391, 113 N. E., 258, this court had before it an appeal from an order of the Court of Common Pleas finding the allegations of the petition to be true and further finding the plaintiff to be entitled to the relief sought, the trial court further granting an injunction and ordering an accounting and the appointment of a referee to determine the amount due. In holding that the order so providing could form the basis of appeal, this court in a per curiam opinion held: “The general equities of the case were found in favor of the plaintiff, and while the further order of the court was necessary to carry into effect the right settled by the order, it was merely auxiliary to or in execution of the order of the court made on the merits of the case, and we are of the opinion that the Court of Appeals had jurisdiction of the subject matter on appeal.” (Emphasis added.)
Johnston v. Deaton, 105 Ohio St., 285, 137 N. E., 10, was a partition action in which commissioners appointed by the court reported that the premises could not be divided without manifest injury, and objection was raised to the refusal of the commissioners to partition the premises. The trial court overruled that objection; confirmed the report and ordered the premises sold, and an appeal was perfected from that order. In its per curiam opinion, this court held that the confirmation of the commissioners’ report by the Court of Common Pleas “finally excluded * * * [the appellant] from her right to have aparted to her the one-half of the real estate which belonged to her in common with * * * [the appellee], compelled her to allow her property to be offered for sale to the public, and required her, if she desired to reacquire a portion of it, to compete with the public in so acquiring it, and was, therefore, a final order affecting her substantial rights therein.”
The Meals case, supra, was followed in Shuster v. North *387 American Mortgage Loan Co., 139 Ohio St., 315, 40 N. E. (2d), 130, wherein the first paragraph of the syllabus reads as follows:
“A decree, finding the general equities in favor of a party and ordering an accounting, is a final order from which an appeal may be perfected, although a further provision is included to carry into effect the rights settled.” That case was followed in Lewis v. Hickok, 149 Ohio St., 253, 78 N. E. (2d), 569.
Of similar philosophy is the case of In re Estate of Friedman, 154 Ohio St., 1, 93 N. E. (2d), 273, in which a “temporary order” of the Probate Court determining the amount of and entering succession taxes was held to be a final order from which an appeal could be perfected, even though the liability for the tax was subject to future contingencies.
Under the clear authority of the eases hereinabove cited, we hold without hesitation that the judgment of the Court of Common Pleas in this mortgage foreclosure action determining that the mortgage constituted the first and best lien upon the subject real estate was an order from which an appeal could have been perfected. This leaves unanswered, however, the question of whether an appeal from such order constituted the sole remedy of the lumber company in this case or whether it also had the right to appeal from the ultimate overruling of its motion for a new trial filed after the later entry specifically finding its claim to be subordinate to that of the mortgagee (Queen City).
This question would present little difficulty were not some doubt thrown on the situation by the ease of City of Euclid v. Vogelin, 152 Ohio St., 538, 90 N. E. (2d), 593. All the eases hereinabove reviewed (and, in fact, nearly all the reported cases dealing with this general subject) necessarily presented the question of whether the appeals were prematurely and, therefore, improperly perfected. In other words, the usual objection is that the appellant should have waited until some future act of the court before filing his notice of appeal. The converse of that situation, however, exists in the present case, where the appellant did not even enter its appearance until a substantial period had passed after the entry of the judgment establishing the priority of Queen City’s claim. In that regard, *388 the present ease is similar to the Vogelin case, supra, in that each involves an appeal from a subsequent decree. Based upon that procedural distinction between it and the earlier cases hereinabove cited, an appeal predicated upon such subsequent decree was allowed in the Vogelin case.
We conclude, however, that there is a factual distinction between the case here under review and the Vogelin case. The court was there concerned with an appeal from an order retaxing costs so as to include therein amounts for counsel fees and expenses. In commenting on this point, the opinion observes, “Certain facts had to be found by the court before any amount of the costs which defendant sought to have taxed could be allowed. Until the court determined what the amount was that was to be allowed for counsel fees and expenses, it was wholly problematical, so far as the city was concerned, whether the order of April 15 would result in taxation of costs in an amount which would justify the city undertaking an appeal. In other words, until the order of July 15, the city was not really hurt. It is difficult to say, therefore, how the order of April 15 could be said to affect ‘a substantial right’ of the city before the order of July 15 had been made.” It will be quickly seen that none of this reasoning applies to the present situation. Immediately upon the entering of the February 24, 1958, judgment, the lumber company was “really hurt” and there was nothing “problematical” concerning its situation. Most assuredly its “substantial rights” had been affected, and we, therefore, conclude that the Vogelin decision,is not here controlling.
Another compelling reason exists for requiring an appeal to be perfected in a foreclosure action from a judgment entry decreeing sale and determining the mortgage to be the first and best lien upon the land. That reason is to be found in the position in which a mortgagee may be placed if the determination concerning the priority of his lien can be disturbed in an appeal from a subsequent order. Based upon such adjudication of priority, it is customary for mortgagees to present bids at the sheriffs’ sales based upon the amount of their judgments and accrued interest. Most inequitable results would be possible *389 were other lien holders, who may, as here, have been in default for answer at the time of the original determination, permitted to ultimately disturb such priority adjudications. It is currently common practice for real estate mortgages to represent a high percentage of the actual value of the land. In such case, were a mortgagee to bid the amount of his judgment and interest and to later have his lien found to be far down the list of priorities, his total loss could easily exceed the amount of the original loan to the benefit of defaulting lien holders.
In the present case, the aggregate of these two liens exceeded the appraised value by at least $951.46 and interest. Therefore, had Queen City, in reliance on the earlier judgment, bid the amount of its judgment and then been found to be the second lien holder it would have been in the unenviable position of sending good money after bad — to the benefit of a party to the action who ignored the original service of summons and certified mail notice of trial.
We further point out that the lumber company had no right to perfect its appeal from any of two or more judgments of the court. Section 2505.07, Revised Code, provides in part as follows :
“After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows :
“(A) Appeals to the Supreme Court or to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, shall be perfected within 20 days.” (Emphasis supplied.)
No alternative rights are created by this statute, and, under its provisions, in an appeal from a judgment confirming an unappealed earlier judgment, the correctness of such earlier judgment cannot be attacked.
We, accordingly, hold that a lien holder who is a party to a mortgage foreclosure action not only should but must predicate appeal upon a judgment in favor of the mortgagee and determining the mortgage to be the first and best lien upon the subject premises. Failing to do so, he cannot thereafter in an ap *390 peal from a subsequent judgment confirming such priority attack the correctness of the earlier judgment.
When the lumber company decided to present its answer and cross-petition it did not seek leave to do so by formal motion or application nor did the court by formal order authorize such filing. It is therefore Queen City’s contention that the answer and cross-petition were never before the court because under Section 2323.22, Revised Code, all judgments and orders of the court must be journalized. We hesitate to proclaim that the practice is universal in the Common Pleas Courts of Ohio, but certainly the procedure here followed in accomplishing a filing by leave of court is sufficiently widespread to be susceptible of judicial notice. Pilings by leave are daily occurrences, and if in the exercise of sound discretion and in striving toward an economy of paper work the court directs such filing by addenda to the basic document, we would be disposed to commend rather than condemn such practice. However, the view we have taken of this case makes it unnecessary to further consider this point and we, therefore, express no opinion as to whether the placing ■of the words, “Pile, Britton, J.,” on the answer and cross-petition here sought to be filed by leave was a sufficient order of court to accomplish such filing.
It follows that the judgment of the Court of Appeals should be, and it is, hereby, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias and Herbert, • JJ., concur.
Bell, J., concurs in the judgment only.