MALONE ET, PLAINTIFFS-APPELLANTS, *v.* MALONE ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Fourth District, Vinton County.

No. 318.   Decided November 13, 1963.

*Mr. Leslie G. Johnson*, for plaintiffs-appellants.

*Mr. Homer E. Abele* and *Mr. Charles L. Curran*, for defendants-appellees.

COLLIER, P. J.  This action in partition was begun in the Common Pleas Court of Vinton County by Oliver E. Malone and Gloria S. Malone, as plaintiffs, against the defendants, E. S. Malone, as owner of an undivided one-third interest in the real estate described in the petition, The Vinton County National Bank, Denver Kittle and Freda Kittle, as mortgagee and judgment lien-holders, respectively, of an undivided interest of said real estate.  The contending parties in this appeal are Oliver E. Malone, who will be referred to herein as plaintiff, and The Vinton County National Bank, herein designated the bank.

An order of partition was issued, three commissioners were appointed and on May 11, 1961, the estimated value of the property was fixed at $3,000.00.  On July 5, 1961, the plaintiff filed an election to purchase the real estate at the appraised value and on July 26, 1961, the bank filed a similar election.  On August 30, 1961, the plaintiff filed a motion to strike the election filed by the bank from the files.  On December 5, 1961, said motion was overruled.  On April 26, 1962, plaintiff filed an application for reconsideration of this ruling.  On December 27, 1962, the motion for reconsideration was overruled.  On January 14, 1963, plaintiff filed his notice of appeal to this court.

The first question for determination is presented by the motion of the bank to dismiss the appeal of the plaintiff for the reason the order appealed from is not a final order.  A final order from which an appeal may be taken, as defined by Section

2505.02, Revised Code, is an order affecting a substantial right in an action which, in effect, terminates the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment. *Mitchell* v. *Crain*, 108 Ohio App., 143, 161 N. E. (2d), 80. This case also holds that ordinarily, in partition actions, the final orders from which appeals may be taken are limited to the order of partition and the order confirming the sale. The appeal in that case was from an order of the court vacating and setting aside a sale of real estate in an action for partition. For a complete review of Ohio decisions considering the question of "final order," as that term relates to the sale of real estate, reference is made to *Mitchell* v. *Crain, supra.*

In the case at bar should the plaintiff, the owner of an undivided one-third of the land, who has a plain statutory right to elect to purchase the real estate at the appraised value (Section 5307.09, Revised Code), be required to wait until the property has been sold and take his appeal from the order confirming the sale, or may plaintiff appeal from the order permitting the bank to file its election to purchase, thus creating conflicting elections and forcing a public sale? In *Johnson* v. *Deaton*, 105 Ohio St., 285, 137 N. E., 10, the appeal was from the judgment of the Common Pleas Court overruling appellant's objection to the report of the commissioners in an action for partition in which the commissioners reported that the premises could not be divided without manifest injury and appraised the two eighty-acre tracts separately. The appellant, one of two co-tenants, claimed the right under the statute to have aparted to her one of the eighty-acre tracts which, of course, would have avoided an appraisement and sale of the premises.

The Court of Appeals dismissed the appeal sua sponte, holding, "No appeal lies from the order under consideration." The Supreme Court reversed the judgment of the Court of Appeals and, in the per curiam opinion, said:

"The confirmation of the report of the commissioners by the court of common pleas finally excluded plaintiff in error, Blanche Johnston, from her right to have aparted to her the one-half of the real estate which belonged to her in common with defendant in error, Mabel Deaton, compelled her to allow her property

to be offered for sale to the public, and required her, if she desired to re-acquire a portion of it, to compete with the public in so acquiring it, and was, therefore, a final order affecting her substantial rights therein.''

If a judgment confirming the report of the commissioners in a partition proceeding is appealable, certainly an order permitting a mortgagee of an undivided interest in the land to exercise wrongfully the right of election, as contended by the appellant, is a final and appealable order. By such ruling of the Common Pleas Court the appellant was deprived of his right as a co-tenant to purchase the premises at the appraised value, compelled to allow the property to be offered for sale to the public, required to compete in bidding with the public and to bear one-third of the expenses of such sale. Unquestionably the order affected the substantial rights of the plaintiff. On the authority of *Johnston* v. *Deaton, supra,* the order permitting the bank to file an election to purchase at the appraised value was a final order. The motion to dismiss the appeal is, therefore, overruled.

The other question to be determined in this appeal is whether the bank had a legal right to file an election to purchase the property at the appraised value. If so, that ends the controversy and the judgment below must be affirmed. But, if not, the judgment of the trial court was erroneous and must be reversed and the plaintiff allowed to exercise his right to purchase the property at the appraised value.

Section 5307.09, Revised Code, provides: ''If such court approves the return (report of the commissioners), and one or more of the *parties* elects to take the estate at such appraised value, it shall be adjudged to them.'' (Emphasis added.) The bank contends that the term, ''parties,'' used in this statute, applies to all parties to the action, including a lienholder, such as the bank. Our research reveals only one case in which this direct question has been decided: *Stewart* v. *Allegheny Bank,* 101 Pa., 342, 68 C. J. S., 276, Sec. 168, where it was held that the right of election does not extend to a mortgagee of an undivided interest in the estate. Section 5307.01, Revised Code, which authorizes an action in partition and defines the procedure to be followed in such an action reads:

''Tenants in common, and coparceners, of any estate in lands, tenements or hereditaments within the state, may be com-

pelled to make or suffer partition thereof as provided by Sections 5307.01 to 5307.25, inclusive, Revised Code.''

It will be observed that the only necessary party to such action are tenants in common and coparceners of the lands. Mortgagees and encumbrancers are proper parties but not necessary parties in an action for partition. 41 Ohio Jurisprudence (2d), 602, Section 69. It is also well established that to be entitled to partition a person must be in possession of the land or have the right to immediate possession. *Lauer* v. *Green*, 99 Ohio St., 20, 121 N. E., 821; *Rawson* v. *Beam*, 104 Ohio St., 537, 136 N. E., 204. A party not a tenant in common may not maintain an action in partition. *Snowberger* v. *Snowberger*, 88 Ohio St., 610. The bank, in the instant case, could not maintain an action in partition of the subject land; the bank's only interest in the land is to have its debt paid from the proceeds of the sale. The bank's title could be used only as security for its debt. 37 Ohio Jurisprudence (2d), 311, *Mossman* v. *Duffy*, 333 Ill. App., 30, 76 N. E. (2d), 547.

Statutes on the same subject providing for a special proceeding such an an action for partition must be construed together, in pari materia. 50 Ohio Jurisprudence (2d), 189, Section 216. When Section 5307.01, Revised Code and Section 5307.09, Revised Code, are read together, the conclusion must be reached that the phrase, ''one or more of the parties,'' used in the latter statute refers only to the necessary parties to an action in partition as provided in the former statute; that Section 5307.09, Revised Code, granting the right of election to purchase to such necessary parties, excludes all parties to such right who are not tenants in common or coparceners in the land to be partitioned; that the defendant bank, as a lienholder, had no right to elect to purchase the property at its appraised value and, therefore, the judgment of the trial court was erroneous and must be reversed. The judgment is reversed and this cause is remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed and cause remanded.

BROWN and CARLISLE, JJ., concur.