[Cite as *Reel v. Reel*, 2013-Ohio-2624.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ROGER R. REEL, | : | **MEMORANDUM OPINION** |
| Plaintiff, | : | |
| KATHRYN M. REEL, | : | **CASE NO. 2012-T-0081** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| CLAUDIA G. REEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 92.

Judgment: Appeal dismissed.

*Thomas E. Schubert*, 138 East Market Street, Warren, OH 44481 (For Plaintiff-Appellee).

*William P. McGuire*, William P. McGuire Co., L.P.A., 106 East Market Street, #705, P.O. Box 1243, Warren, OH 44482 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Claudia G. Reel, appeals the Judgment of the Trumbull County Court of Common Pleas, denying her motion for summary judgment with respect to her claim of adverse possession, and granting summary judgment in favor of plaintiff-appellee, Kathryn M. Reel, with respect to her claim for partition. For the following reasons, we dismiss the appeal for lack of a final order.

{¶2} On January 11, 2011, Roger R. Reel and Kathryn M. Reel filed a Complaint in Partition against Claudia G. Reel. It was alleged that, with respect to real property at 4626 North Park Avenue Extension, Cortland, Ohio, the parties were tenants in common, with the plaintiffs owning a one-half undivided interest therein and the defendant owning the same. In addition to an order of partition, the plaintiffs sought an accounting, based on the allegation that the defendant, "without their consent, has removed timber from said lands and sold some."

{¶3} On March 8, 2011, Claudia G. Reel filed her Answer and Counterclaim for adverse possession.

{¶4} On February 10, 2012, a Notice of Death with respect to plaintiff Roger Reel was filed.

{¶5} On July 31, 2012, Kathryn Reel, the owner of Roger Reel's one-half interest by survivorship deed, filed a Motion for Summary Judgment with respect to the partition and accounting claims.

{¶6} On August 15, 2012, Claudia Reel filed a Motion for Summary Judgment with respect to the counterclaim.

{¶7} On September 12, 2012, the trial court granted Kathryn Reel's Motion for Summary Judgment, appointed a commissioner to make a partition of the subject property, and ordered an accounting of rents and profits during the period of the parties' co-tenancy commencing September 11, 2001.

{¶8} On September 21, 2012, the trial court denied Claudia Reel's Motion for Summary Judgment.

{¶9} On October 11, 2012, Claudia Reel filed her Notice of Appeal.

{¶10} "If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." R.C. 5307.04. "A writ of partition issued under section 5307.04 of the Revised Code may be directed to the sheriff of any of the counties in which any part of the estate lies and shall command the sheriff that, by the oaths of the commissioner or commissioners, the sheriff shall cause to be set off and divided to the plaintiff or each interested party, whatever part and proportion of the estate as the court of common pleas orders." R.C. 5307.05.

{¶11} In the present case, an order of partition as described in R.C. 5307.04 has not occurred. In granting Kathryn Reel's Motion for Summary Judgment, the trial court ordered the appointment of a commissioner "to make the partition," and that "a writ of partition shall issue forthwith." At the time Claudia Reel filed the Notice of Appeal, however, the commissioner had not made a return on the partition of the property, and the writ had not issued. The trial court has determined that Kathryn Reel is entitled to have the property divided by partition, but the conditions of the partition have yet to be determined.

{¶12} It has often been held "that the final orders from which appeals may be had in partition are limited to the order of partition and the order confirming the sale." *Mitchell v. Crain*, 108 Ohio App. 143, 149, 161 N.E.2d 80 (6th Dist.1958); *Malone v. Malone*, 119 Ohio App. 503, 504, 199 N.E.2d 405 (4th Dist.1963) (the same); *Swank v. Wilson*, 80 Ohio App. 58, 62-63, 74 N.E.2d 773 (5th Dist.1947) ("[t]he view that a decree in a partition suit adjudicating the rights and interests of the respective parties, ordering

3

and appointing commissioners to make partition according to the respective rights and interests of the parties as therein determined, is not a final, but an interlocutory, decree, and that an appeal does not lie therefrom, is sustained by the great weight of authority"); *compare Johnston v. Deaton*, 105 Ohio St. 285, 287, 137 N.E. 10 (1922) ("[t]he confirmation of the report of the commissioners by the court of common pleas finally excluded plaintiff in error Blanche Johnston from her right to have aparted to her the one-half of the real estate which belonged to her in common with defendant in error Mabel Deaton, compelled her to allow her property to be offered for sale to the public, and required her, if she desired to re-acquire a portion of it, to compete with the public in so acquiring it, and was, therefore, a final order affecting her substantial rights therein").

{¶13} We note that the trial court's grant of summary judgment in favor of Kathryn Reel and the denial of judgment with respect to Claudia Reel's counterclaim for adverse possession effectively rendered a final judgment on the merits of the counterclaim. Neither Judgment Entry, however, contained the requisite Civil Rule 54(B) language necessary for the appeal of the adverse possession counterclaim while the partition action remained pending.

{¶14} For the foregoing reasons, the present appeal is dismissed for lack of a final order. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

4