[Cite as *State ex rel. Luoma v. Russo*, 2013-Ohio-5033.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99844**

---

# STATE OF OHIO EX REL. JONATHAN C. LUOMA

RELATOR

vs.

# JUDGE NANCY MARGARET RUSSO

RESPONDENT

---

## JUDGMENT:
WRIT DENIED

---

Writ of Mandamus
Motion No. 465384
Order No. 468508

**RELEASE DATE:**  November 13, 2013

**ATTORNEY FOR RELATOR**

J. Alex Morton
5247 Wilson Mills Road, #334
Richmond Hts., Ohio 44143


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Nora E. Graham
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Jonathan C. Luoma has filed a complaint for a writ of mandamus. Luoma seeks an order from this court to compel Judge Nancy Margaret Russo to render a ruling, with regard to "objections to a Magistrate's Decision," that fully complies with the holding of *In re Zinni*, 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581. Judge Russo has filed a motion for summary judgment that we grant for the following reasons.

Facts

{¶2} On April 21, 2010, Luoma filed a complaint against Robert D. Luoma and Matthew N. Luoma, in Cuyahoga C.P. No. CV-10-724745, for partition of property located at 3171 Oak Road, Cleveland Heights, Ohio per R.C. Chapter 5307. The parties filed a "Stipulation for Decree of Partition" on December 9, 2010, and Judge Russo appointed a commissioner to determine the value of the property. The commissioner determined that the value of the property was $67,000 and that a sale was mandated because the property could not be divided without manifest injury to its value. On October 13, 2011, a magistrate conducted a hearing to determine the rights and obligations of the parties, including the determination of waste and setoffs. On September 26, 2012, the magistrate filed a decision with findings of fact and conclusions of law, which provided that Robert Luoma was entitled to a "setoff of $4,030.66, which is $2,015.33 against the 1/3rd interest of Jonathan Luoma and $2,015.33 against the 1/3rd interest of Matthew Luoma in the within property." On October 10, 2012, Luoma filed objections to the magistrate's decision.

**{¶3}** On November 14, 2012, Judge Russo overruled the objections and affirmed the magistrate's decision and stated:

> Court reviewed Plaintiff's objection to the magistrate's decision, the transcript and the evidence; the court overrules the objections and affirms the magistrate's decision. Adoption order per separate entry of the court. On November 15, 2012, the court entered a separate order which provided that: Court adopts attached magistrate's decision. OSJ.

**{¶4}** On December 11, 2012, Luoma filed a "motion for final appealable order." On December 13, 2012, Judge Russo denied the motion for final appealable order. On December 19, 2012, Judge Russo issued an order that provided that all parties had waived their right to elect to purchase the property and that an order would issue for the sale of the property through the office of the Cuyahoga County sheriff. On December 31, 2012, Judge Russo issued an order that required the sale of the property and also provided for the distribution of the sale proceeds:

> Order permitting plaintiff to order sale and order of distribution. OSJ. Final.
>
> This cause came to be heard upon the Stipulation of Partition, the Report of the Commissioner, the pleadings, numerous filings, and the evidence.
>
> The Court finds that all necessary parties have been served with summons according to law and are properly before the Court.
>
> The Court finds that there is due the Treasurer of Cuyahoga County, Ohio, taxes, accrued taxes, assessments and penalties on the premises hereinafter described, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable until the time of sale, which is a valid and subsisting lien thereon for the amount owing.
>
> The Court finds that the Commissioner has determined that the property described in the complaint as:
>
> See Exhibit "A" attached hereto and made hereof

Premises Commonly Know As: 3171 Oak Road, Cleveland Heights, OH

Permanent Parcel Number: 684-33-034 could not be divided by metes and bounds without manifest injury to its value and that the Commissioner has appraised the property at $67,000. The Court further finds that none of the parties have elected to purchase the property at the appraised value and, as a result, the within property must be sold.

The Court further finds that Plaintiff Jonathan Luoma and Defendant Robert Luoma and Defendant Matthew Luoma each own an undivided 1/3rd interest in the property and, as a result, each is entitled to 1/3rd of the proceeds of sale (modified by setoffs as previously determined by the Court) after payment of costs and real estate taxes.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that upon issuance of a Praecipe for Order of Sale by Plaintiff's attorney, the Clerk of Courts shall issue to the Sheriff of Cuyahoga County, an Order of Sale directing the Sheriff to advertise and sell the above described property using the Commissioner's appraisal as the basis for computing the minimum bid. The Sheriff is ordered to make a return of his report to this Court.

The Court coming now to distribute the proceeds of the Sheriff's Sale of the within property hereby orders that the sheriff, out of the funds in his hands, pay the following:

First: The Costs herein, including sums owed to the Clerk and the Sheriff, the sum of $295 to the Plaintiff for title work, the sum of $495 to the court appointed Commissioner, Jeff Hastings, for his work, which amounts are hereby taxed as costs.

Second: To the Treasurer of Cuyahoga County, the unpaid taxes, assessments, interest and penalties, if any, due and payable on the subject property.

Third: 1/3rd of the remaining funds after payment of costs and taxes, plus $4,030.66 to Defendant Robert Luoma.

Fourth: 1/3rd of the remaining funds after payment of costs and taxes, less $2,015.33 to Plaintiff Jonathan Luoma.

Fifth: 1/3rd of the remaining funds after payment of costs and taxes, less $2015.33 to Defendant Matthew Luoma.

IT IS SO ORDERED.

{¶5} On January 9, 2013, Luoma appealed the order of December 13, 2013, that denied his motion for a final appealable order. On January 18, 2013, this court dismissed the appeal from the order that denied the motion for a final appealable order on the basis that "[a]n order denying a 'motion for final order' as moot is not in itself a final order under R.C. 2505.02." On April 30, 2013, Luoma filed his complaint for a writ of mandamus.

Analysis

{¶6} In order for this court to issue a writ of mandamus, Luoma must demonstrate a clear legal right to the requested relief, a clear legal duty on the part of Judge Russo to provide the requested relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Luoma must also prove that he is entitled to the writ of mandamus by clear and convincing evidence. *Id*. at ¶ 13.

{¶7} Herein, it is clear that Luoma possessed or possesses an adequate remedy in the ordinary course of the law. It has been firmly established that "the final orders from which appeals may be had in partition are *limited* to the *order of partition* and the *order confirming the sale*." (Emphasis added.) *Reel v. Reel*, 11th Dist. Trumbull No. 2012-T-81, 2013-Ohio-2624; *Schrader v. Schrader*, 4th Dist. Hocking No. 03CA20, 2004-Ohio-4104; *Gruger v. Koehler*, 7th Dist. Mahoning No. 01CA16, 2001-Ohio-3165; *Sky Fin. Group, Inc. v. Mogul*, 11th Dist. Trumbull No. 2000-T-0038, 2001 Ohio App.

LEXIS 2480 (June 1, 2001); *Venetta v. Arrowood*, 4th Dist. Ross No. 95CA2127, 1997 Ohio App. LEXIS 925 (Mar. 10, 1997); *Durnbaugh v. Sutton*, 2d Dist. Greene Nos. 91 CA 14 and 90 CA 141, 1991 Ohio App. LEXIS 5320 (Nov. 7, 1991); *Hall v. Walker*, 4th Dist. Meigs No. 429, 1990 Ohio App. LEXIS 3844 (Aug. 24, 1990); *Mitchell v. Crain*, 108 Ohio App. 143, 161 N.E.2d 80 (6th Dist.1958). It must also be noted that a judgment in a partition suit that adjudicates the rights and interests of the parties, ordering and appointing a commissioner to make partition according to the respective rights and interests of the parties, is not a final judgment, but an interlocutory order not subject to appeal. *Swank v. Wilson*, 80 Ohio App. 58, 74 N.E.2d 773 (5th Dist.1947).

{¶8} In the case sub judice, Luoma argues that:

[Judge Russo] issued a ruling, * * *, which summarily adopted the Magistrate's Decision, but the ruling did not set forth [Judge Russo's] independent judgment and thereby constitute a final appealable order, as required by this Court's ruling in *In Re (sic) Zinni*, 8th Dist. No. 89599, 2008-Ohio-581. Relator would like to appeal Defendant's ruling on such objections to this court, but cannot do so because Defendant's ruling does not constitute a final order over which this Court has jurisdiction as stated in the *Zinni* case.

{¶9} However, compliance by the trial court with Civ.R. 53 and the holding of *Zinni* would not have created a final appealable order based upon the fact that the underlying case concerned an action in partition. Only the order of partition and the order confirming the sale are final orders that are appealable. *Malone v. Malone*, *supra*.

Thus, Luoma has failed to establish his right to a final appealable order and the duty of Judge Russo to create a final appealable order vis-a-vis the judgment of November 13, 2012, which overruled his objections to the magistrate's report. *State ex rel. Waters v. Spaeth*, *supra*.

{¶10} It must also be noted that Judge Russo, through the order of partition journalized on December 31, 2012, specifically addressed and dealt with the issues raised by Luoma through the objections to the magistrate's decision. The partition order determined that the property, jointly owned by the parties, was not divisible; the value of the property; each party's share of the sale of the property; and the setoff to be paid to defendant Robert Luoma. Luoma possessed an opportunity to timely appeal the partition judgment entry of December 31, 2012, and address the issues raised through his objections to the magistrate's decision. Luoma possessed an adequate remedy at law, which even if not employed, prevents this court from issuing a writ of mandamus. *State ex rel. Cunnigham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393; *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592.

Conclusion

{¶11} Luoma has failed to establish the elements necessary for this court to issue a writ of mandamus. The judgment of December 31, 2012, constituted a final appealable order and Luoma could have challenged the trial court's prior order that overruled the objections to the magistrate's report through a timely appeal from the order of partition. Thus, we decline to issue a writ of mandamus on behalf of Luoma.

{¶12} Accordingly, we grant Judge Russo's motion for summary judgment. Luoma to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶13} Writ denied.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR