[Cite as *Haynes v. Haynes*, 2017-Ohio-49.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MICHELLE HAYNES | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-49 |
| RICHARD HAYNES | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court of Common Pleas, Case No. 2015 CV 00729

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     January 6, 2017

APPEARANCES:

For Plaintiff-Appellee

DARCY SHAFER
39 East Whittier Street
Columbus, OH 43206

For Defendant-Appellant

RICHARD HAYNES PRO SE
352 National Road
Hebron, OH 43025

*Gwin, J.,*

{¶1} Appellant appeals the June 9, 2016 judgment entry of the Licking County Court of Common Pleas.

*Facts & Procedural History*

{¶2} Appellee Michelle Haynes, appellant Richard Haynes, and James Haynes are tenants-in-common of the property located at 13638 National Road, Thornville, Ohio. Each owns an undivided one-third interest in the property. On August 27, 2015, appellee filed a complaint for partition of the property. Appellant and James filed an answer on September 23, 2015. Appellee filed an amended complaint on October 19, 2015 and appellant and James filed an answer to the amended complaint on October 28, 2015.

{¶3} On February 29, 2016, appellee filed a motion for summary judgment. Appellant and James filed an objection on March 16, 2016. Appellant filed a reply on March 28, 2016. On April 4, 2016, the trial court issued a memorandum of decision granting appellee's motion for summary judgment. The memorandum of decision ordered counsel for appellee to submit a journal entry.

{¶4} The trial court issued a journal entry on June 9, 2016. The trial court found appellee was entitled to a judgment entry of partition. The trial court appointed a commissioner to partition and evaluate the property and report back to the trial court. The trial court stated that within ten (10) days after the filing of the report of the commissioner, either appellant or appellee could file objections to the commissioner's report. The trial court further ordered the commissioner to return a just valuation of the property and, if the trial court approves the commissioner's finding and valuation, appellee and appellant would each have ten (10) days to elect to take the property at its appraised value. Finally,

the trial court provided that if the parties failed to elect to buy the property at its appraised value, a writ of partition "shall issue."

{¶5} After appellant filed his notice of appeal, the commissioner filed his report in the case. However, due to the filing of appellant's notice of appeal, the trial court was unable to take further action on the commissioner's report.

{¶6} Appellant appeals the June 9, 2016 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶7} "I. PLAINTIFF HAS FAILED TO DEMONSTRATE THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING THE ELEMENT OF NECESSITY.

{¶8} "II. PLAINTIFF HAS FAILED TO DEMONSTRATE THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT IN THEIR REQUEST FOR SUMMARY JUDGMENT."

*Final Appealable Order*

{¶9} As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it *sua sponte*. See *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶10} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, without or without retrial, when it is one of the following:
>
> > (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * *

{¶11} To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 101. However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

{¶12} R.C. 5307.04 provides, "if the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." A writ of partition issued under R.C. 5307.04 may be directed to the sheriff of any of the counties in which any part of the estate lies and shall command the sheriff that, by the oaths of the commissioner or commissioners, the sheriff shall cause to be set off and divided to the plaintiff or each interested party, whatever part and proportion of the estate as the court of common pleas orders. R.C. 5307.05.

**{¶13}** It has often been held that final orders from which appeals may be had in partition are limited to the order of partition and the order confirming the sale. *Reel v. Reel*, 11th Dist. Trumbull No. 2012-T-81, 2013-Ohio-2624, *Schrader v. Schrader*, 4th Dist. Hocking No. 03CA20, 2004-Ohio-4104, *Gruger v. Koehler*, 7th Dist. Mahoning No. 01CA16, 2001-Ohio-3165, *State ex rel. Luoma v. Russo*, 8th Dist. Cuyahoga No. 99844, 2013-Ohio-5033. It must also be noted that a judgment in a partition suit that adjudicates the rights and interests of the parties, ordering and appointing a commissioner to make partition according to the respective rights and interests of the parties, is not a final judgment, but an interlocutory order not subject to appeal. *State ex rel. Luona v. Russo*, 8th Dist. Cuyahoga No. 99844, 2013-Ohio-5033; *Swank v. Wilson*, 80 Ohio App. 58, 74 N.E.2d 773 (5th Dist. 1947).

**{¶14}** In the instant case, an order of partition as described in R.C. 5307.04 has not occurred. In granting appellee's motion for summary judgment, the trial court ordered the appointment of a commissioner to partition and evaluate the property and report back to the trial court. The parties then had ten (10) days to file objections to the commissioner's report. Additionally, after the trial court determined whether it would approve the commissioner's findings and valuation, the parties would have ten (10) days to elect to take the property at its appraised value. If the parties failed to elect to buy the property at its appraised value, a writ of partition "shall issue."

**{¶15}** At the time of appellant's notice of appeal, the trial court had not had the opportunity to review the commissioner's report, must less approve it. Though the commissioner filed his report during the pendency of this appeal, the trial court was prevented from taking action on his report due to the pendency of this appeal. Any parties

aggrieved by the commissioner's report and recommendation can still bring their objections before the trial court, as provided in the June 9, 2016 judgment entry. The trial court might approve or disapprove the commissioner's report. If approved, any party would have an election to buy the property at the appraised value prior to a writ of partition being issued. See *Hendrix v. Hendrix*, 1st Dist. Warren No. 284, 1979 WL 208264 (Dec. 26, 1979).

{¶16} At the time appellant filed his notice of appeal, the commissioner had not made a return on the partition of the property, had not reported back to the trial court, the trial court did not review or approve the commissioner's report, the parties did not yet decided whether to buy the property at its appraised value, and the writ of partition had not yet issued. See *Reel v. Reel*, 11th Dist. Trumbull No. 2012-T-0081, 2013-Ohio-2624. The trial court has determined that appellee is entitled to have the property divided by partition, but the conditions of the partition have yet to be determined.

{¶17} The June 9, 2016 judgment entry does not determine the action or prevent a judgment as contemplated in R.C. 2502.02(B). Accordingly, the June 9, 2016 judgment entry, the judgment appealed from, is not a final, appealable order. Therefore, this Court lacks jurisdiction to address appellant's assignments of error.

{¶18} Accordingly, the appeal is dismissed.


By Gwin, J.,

Farmer, P.J., and

Baldwin, J., concur