In re Estate of Horace B. Parker, Deceased.
Department of Financial Institutions of the State of
Indiana, Appellant, v. Clara M. Parker, Executrix
of the Estate of Horace B. Parker, Deceased, Ap-
pellee.

Gen. No. 39,453.

Opinion filed December 15, 1937.

BAKER, HOLDER, KOLB & HAGSTROM, of Chicago, for
appellant; EARL J. KOLB, of counsel.

POPE & BALLARD, of Chicago, for appellee; L. J.
WEST, of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.
This is an appeal from an order of the circuit court
of Cook county dismissing the claim of the Department

of Financial Institutions of the State of Indiana against Clara M. Parker, executrix of the estate of Horace B. Parker, deceased. The claim was originally filed in the probate court of Cook county, where it was disallowed, and on appeal, a hearing was had in the circuit court.

The affidavit of claim filed in the probate court alleges that the Second Mid-City State Bank was organized under the laws of the State of Indiana to do a general banking business on January 16, 1924, and that on May 14, 1928, the name of the bank was changed to Fifth Avenue Bank; that the Fifth Avenue Bank continued to do a general banking business until August 16, 1930, when by a vote of its stockholders, it closed its doors and ceased to operate, and that on June 29, 1933, the Department of Financial Institutions of the State of Indiana took charge of the property and affairs of the Fifth Avenue Bank and filed its notice of liquidation in the clerk's office of the Lake superior court, Lake county, Indiana, in cause No. 30,922, for the reason that said bank was insolvent and in imminent danger of insolvency, and further it appeared to be in the best interests of depositors, stockholders and creditors for the Department of Financial Institutions of the State of Indiana to take possession of said bank; that the Department of Financial Institutions of the State of Indiana is now liquidating the said Fifth Avenue Bank under authority of art. 2, ch. 40, Acts of the General Assembly, 1933, being an Act Concerning Financial Institutions; that the Department of Financial Institutions after investigation and appraisement had determined that the true cash value of the assets of the Fifth Avenue Bank was not more than the sum of $16,544.78; that the total liabilities on said Fifth Avenue Bank were not less than $47,193.66; and that the true cash value of the assets was not sufficient to pay the creditors of said

bank in full; that the authorized capital stock of said Fifth Avenue Bank was $50,000; that the department had determined that $50,000 or more would be necessary to pay the debts and obligations of the said Fifth Avenue Bank in full over and above the cash value of said assets; that Horace B. Parker, deceased, was a shareholder during the operation of said bank and immediately prior to the closing date, and was the holder of 12½ shares of the par value of $100 each of the Fifth Avenue Bank; that the Department of Financial Institutions on March 19, 1934, in accordance with sec. 63 of an Act Concerning Financial Institutions made a demand in writing upon decedent, Horace B. Parker, for payment of his assessment, and mailed said demand to the decedent according to law; that by authority of said demand, said stockholder's liability became due on April 28, 1934, and that there is now due the Department of Financial Institutions of the State of Indiana from the estate of Horace B. Parker, deceased, the sum of $1,250.

The laws of the State of Indiana, Acts of the General Assembly, 1933, ch. 40, concerning financial institutions, was introduced in evidence. Sec. 63 of this Act is as follows:

''Sec. 63. If, at any time after the department has taken possession of the business and property of any financial institution, pursuant to the provisions of this act, it shall appear to the department that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department may enforce the individual liability imposed by law upon the shareholders of such financial institution, *and for that purpose shall make demand in writing upon each shareholder for the payment of his proportionate part of the amount necessary to pay the creditors of such financial institution in full, and shall mail such demand to each of the shareholders, at*

*their last known address, setting forth in such demand,*
*the total amount required for such purpose from all*
*shareholders,* and the proportionate amount required
from the shareholder to whom such demand is ad-
dressed. The demand shall also fix a date, not earlier
than thirty days from the date thereof, upon which
the shareholders shall be required to pay such amount
to the department. If any shareholder shall fail,
neglect or refuse to pay the amount so demanded
from him, within the time fixed by such demand, the
department shall have a cause of action, and may
proceed, in the name of the state of Indiana, on the
relation of the department, in the circuit or superior
court of the county in which the principal office of
such financial institution is located, and/or in any
other court of competent jurisdiction in this state or in
any other state, against any shareholders, for the col-
lection of such unpaid demands, with interest thereon
at the rate of six per cent per annum from the date
when the same became due and payable, together with
the cost of such action. If any such action the writ-
ten statement of the department reciting its deter-
mination to enforce the individual liability of such
shareholders, or any part thereof, and setting forth
the value of the assets of such financial institution,
and the liabilities thereof, as determined by the de-
partment, after examination and investigation, shall
be conclusive evidence of the facts therein stated. If
the amount so collected by the department from the
shareholders of such financial institution is not suffi-
cient to pay the creditors in full, and the full liability
of such shareholders for the payment of the indebted-
ness of the financial institution has not been exhausted,
the department, may, by subsequent and successive de-
mands and actions, collect from each shareholder his
proportionate part of the amounts required for such
purpose until the full liability of each shareholder has

been exhausted. Any amount collected by the department from the shareholders, as provided in this section, and remaining after the payment of the costs and expenses of making such collection, the payment in full of the debts and liabilities of such financial institution, and the costs and expenses of liquidating such financial institution, including attorneys fees, shall be returned pro rata to the shareholders from whom such collection was made, but the costs and expenses of liquidating such financial institution and/or its assets shall not be paid out of such amount unless and until all creditors have been paid in full. The term 'shareholder,' as used in this section, means and includes a shareholder, partner or owner.'' (Italics ours.)

Horace B. Parker, a resident of La Grange, Illinois, died on December 30, 1933. On March 2, 1934, letters testamentary were issued out of the probate court of Cook county to Clara M. Parker, as executrix of the last will and testament of Horace B. Parker, deceased. At the hearing in the instant proceeding and before any evidence was offered, the attorneys for the claimant served a demand on the attorneys for the executrix to produce the original of an alleged notice provided for by sec. 63 of the Indiana statute, which it is claimed was mailed to Parker. A copy of this alleged notice is hereinafter set forth. In reply to this demand, Louis J. West, one of the attorneys for the executrix, defendant, stated that he had personally handled all of the legal matters with reference to the probate of decedent's estate, and that he at no time had seen or had heard of the notice described in the demand, that the notice had not been received by counsel for the executrix, and that there is no claim made that the letter or notice referred to in the demand was ever in the possession of the executrix or of her attorney. It is not claimed that she did not receive it. The origi-

nal of such notice was not produced. Thereupon the court admitted the following testimony:

Over the objections of defendant, Jack Lazerwitz, a witness for claimant, identified what he claimed to be a carbon copy of a letter addressed to Horace B. Parker, Fifth Avenue, La Grange, Illinois, on March 19, 1934, consisting of two pages signed by Richard McKinley, director, Department of Financial Institutions of the State of Indiana, attested by H. B. Wells, secretary of such commission for financial institutions, and further testified that this letter was, under the jurisdiction and supervision of the witness, placed in an envelope, bearing a return address, which envelope was addressed to Mr. Horace B. Parker, Fifth Avenue, La Grange, Illinois, and that the envelope containing the original letter was delivered to the United States post office in Gary, Indiana, and postage of 18 cents was placed on the envelope and registered, with the request for a return receipt, and was then and there deposited with the United States Postal Department for delivery. This copy was offered and received in evidence over the objections of defendant. On cross-examination, this witness stated that the letter was neither drafted by him nor by his office; that all letters of demand on stockholders had been drafted by the Department of Financial Institutions in Indianapolis, with the exception of addressing and mailing of notices, but that such notices were sent from Indianapolis to Gary for addressing and mailing to the stockholders of record of the Fifth Avenue Bank; that all notices of demand were mailed at the same time; that he saw some envelopes containing notices ready for mailing, but did not personally know whether any of such notices included a notice addressed to the decedent or whether any such notice was received by the decedent or anyone acting as his agent, and that he did not personally mail such notice, nor did he know that

such notices were actually mailed. The document referred to by this witness is as follows:

"DEMAND FOR SHAREHOLDERS' LIABILITY
Fifth Avenue Bank,
Gary, Indiana

"Mr. Horace B. Parker,
Fifth Avenue,
La Grange, Illinois

"March 19, 1934

"You are hereby notified that the Department of Financial Institutions of the State of Indiana has taken possession of the business, property, and assets of the Fifth Avenue Bank, for the purpose of liquidating the same pursuant to the provisions of the Indiana Financial Institutions Act, approved February 24, 1933.

"You are hereby further notified that the Department acting by and through the Commission for Financial Institutions of the State of Indiana finds that the bank is insolvent and has determined that the cash value of the assets of said Fifth Avenue Bank are not sufficient to pay all of the debts and liabilities thereof in full; that the liabilities of said Fifth Avenue Bank are more than $26,588.84 in excess of the cash value of all of its assets; that the total amount required to pay all creditors of said Fifth Avenue Bank in full is not less than $43,133.62; that the total amount of the par value of the common capital stock of said Fifth Avenue Bank issued and outstanding is $50,-000.00; that by virtue of section 6 of article 11 of the Constitution of the State of Indiana and section 240 of the Indiana Financial Institutions Act, you are individually responsible as a shareholder of said Fifth Avenue Bank to an amount over and above your stock, equal to the respective shares of stock owned by you for all debts and liabilities of said Fifth Avenue Bank. That twelve and one-half shares of the common capital

stock of said bank of the par value of $100.00 per share stand in your name on the books of said bank; that the full amount of your individual liability is required to pay all creditors of said bank in full and you are individually responsible for the amount of Twelve hundred fifty ($1,250.00) dollars; that demand is hereby made for the payment of said sum on or before 40 days from the date of this notice, said payment to be made to Jack Lazerwitz, Special Representative of the Department of Financial Institutions, in charge of the liquidation of said Fifth Avenue Bank.

"You are hereby notified that unless payment of the amount hereby demanded is made on or before 40 days from the date of this notice, interest upon the amount due will accrue at the rate of 6% per annum from the date the same is due and payable, and may be recovered together with the principal amount in a civil action instituted by the Department; that unless payment is made on or before the due date, the Department will institute such action or actions as it may deem necessary to enforce the collection of the liability imposed upon by law.

"(Sgd.) Richard McKinley,<br>
Director, Department of Financial<br>
Institutions

"Attest:

(Sgd.) H. B. Wells,

Secretary, Commission for Financial Institutions."

This witness also identified the following document:

"Postmark of<br>
Gary, Ind., Mar. 19, 1934.

"Receipt for Registered Article No. 10426

Registered at the Post Office indicated in Postmark.

Fee paid 15 cents Class—postage 1

Return Receipt fee 3 Spl. Del'y fee—

Delivery restricted to Addressee: in person ......

or order ......

"Accepting employee will place his initials in space indicating restricted delivery.

Postmaster, per H. A.·                  (Mailing Office)

"The sender should write the name of the addressee on back hereof as an identification. Preserve and submit this receipt in case of inquiry or application for indemnity.

"Registry Fees and Indemnity.—Domestic registry fees range from 15 cents for indemnity not exceeding $50 up to $1 for indemnity not exceeding $1,000. The fee on domestic registered matter without intrinsic value and for which indemnity is not paid is 15 cents. Consult postmaster as to the specific domestic registry fees and as to the registry fees chargeable on registered parcel-post packages for foreign countries. Fees on domestic registered C. O. D. mail range from 25 cents to $1.20. Indemnity claims must be filed within one year (C. O. D. six months) from date of mailing.

"Form 3806 (Rev. 7-1-29) C5-6852 U. S. Government Printing Office"

He further identified registry return receipt No. 10426, received March 22, 1934, by plaintiff, issued by the Post Office Department of the United States addressed to Fifth Avenue Bank, 115 West 5th Avenue, Gary, Indiana, signed "H. B. Parker, by Alice Broddy," dated March 21, 1934. This document was also received in evidence over the objections of the defendant, and is as follows:

"Return Receipt

"Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this Card.

"H. B. Parker,
(Name of addressee)
Alice Broddy,
(Signature of addressee's agent)

"Date of delivery 3-21, 1934
   Post Office Department, Official Buisness
   Registered Article No. 10426
   Return to Fifth Avenue Bank
      Street and number or Post Office Box  115 W. 5th
      Post Office at                        Gary
      State                                 Ind.''

For claimant, Walter O'Brien testified that he was a postal carrier out of the post office at La Grange, Illinois, on and about March 21, 1934, and that he delivered a registered letter to the residence of the late Horace B. Parker at 300 South Stone avenue in La Grange, Illinois, by handing the same to one Alice Broddy. The witness stated that Alice Broddy was a maid in the home of Horace B. Parker for more than two years prior to the death of Parker, and that she accepted the registered letter, and in his presence, signed the receipt therefor, the same being the document hereinbefore mentioned. This witness also testified that on March 20, 1934, and for some months previous thereto, and for two or three months thereafter, Clara M. Parker resided at 300 South Stone avenue, La Grange, Illinois, and that mail matter given to the witness for delivery, addressed to Horace B. Parker, H. B. Parker and Mr. Parker, were delivered by him to the address given. On cross-examination, after examining the receipt before referred to, issued by the United States Postal Department, he testified that he did recall that he delivered the envelope in question to Alice Broddy, as shown by the receipt.

We are of the opinion that the record indicates that there is sufficient proof that demand was made as provided by the Indiana statute. What the statute requires is that the notice be mailed to the last known address of the stockholder. The record indicates that this was done, and that such notice was delivered at the last residence of Parker.

It seems to be admitted by defendant that under the constitution and the statute of Indiana, Horace B. Parker, in his lifetime and his estate after his death, would be liable to an amount over and above their stock equal to their respective shares of stock for all debts and liabilities of the bank, but it is insisted that there must be an adjudication by an Indiana court as to just what this liability amounts to, before an action can be brought to recover therefor in Illinois or elsewhere. We again call attention to the following paragraphs of sec. 63 of the Indiana Act already quoted:

"If, at any time after the department has taken possession of the business and property of any financial institution, pursuant to the provisions of this act, it shall appear to the department that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department may enforce the individual liability imposed by law upon the shareholders of such financial institution. . . .

"In any such action the written statement of the department reciting its determination to enforce the individual liability of such shareholders, or any part thereof, and setting forth the value of the assets of such financial institution, and the liabilities thereof, as determined by the department, after examination and investigation, shall be conclusive evidence of the facts therein stated."

In the case of *Kingston v. Old Nat. Bank of Centralia,* 359 Ill. 192, suit was brought in the circuit court of Marion county by the commissioner of banking of the State of Wisconsin against the defendant, as executor, to collect a superimposed liability of defendant's decedent as a stockholder of the Merchants Exchange Bank of Door county, Wisconsin. Judgment was rendered for plaintiff. Except as to the question of notice, the same issues were presented there as are pre-

sented here, the Wisconsin statute being similar to the Indiana statute, and in sustaining the judgment, the Supreme Court said: "The liability here sought to be enforced against the decedent's estate is not in the nature of a penalty but is a statutory and contractual provision imposed by our national laws as to stockholders of national banks, as well as by practically all, if not all, of the States of the Union as to stockholders of State banks. Such liability is known to the public generally, and our legislative bodies, both State and national, have enacted legislation for the purpose of affording security to the depositors of a bank by indemnifying, to the extent of a superadded stockholders' liability, creditors of any banking institution which fails. In our own State, as well as other States, the superimposed liability is written into the constitution. As a general rule it is only where the liability charged is of a penal nature or its enforcement confined by statute to the laws of the State wherein the liability is incurred that the courts for foreign States refuse to enforce such liability. Here the liability is several and independent, with the express provision made by the statute for its collection from non-residents of the State. It is not a special remedy nor a penalty but is a contractual obligation, suits for the collection of which may be maintained in Illinois." Citing *Bell v. Farwell,* 176 Ill. 489; *Edwards v. Schillinger,* 245 Ill. 231.

It seems not to be disputed that under the Federal Banking Act, the Federal comptroller is given practically the same powers as are given to the Department of Financial Institutions of the State of Indiana, and in a similar case, *Kennedy v. Gibson,* 8 Wall. (U. S.) 498, the Supreme Court of the United States said:

"The receiver is the instrument of the comptroller. . . . It is for the comptroller to decide when it is necessary to institute proceedings against the stockhold-

ers to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may take it at such time as he may deem proper, and upon such date as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver. . . . It would be attended with injurious consequences to forbid action against the stockholders until the precise amount necessary to be collected shall be formally ascertained. This would greatly protract the final settlement, and might be attended with large losses by insolvency and otherwise, in the intervening time. The amount must depend in part upon the solvency of the debtors and the validity of the claims. Time will be consumed in the application of these tests, and the results in many cases cannot be foreseen. The same remarks apply to the enforced collection from the stockholders. A speedy adjustment is necessary to the efficiency and utility of the law; the interests of the creditors require it, and it was the obvious policy and purpose of Congress to give it. If too much be collected, it is provided by the statute, that any surplus which may remain after satisfying all demands against the association, shall be paid over to the stockholders. It is better they should pay more than may prove to be needed than that the evils of delay should be encountered.'' It is here to be noted that sec. 63 of the Indiana statute already referred to, contains a provision similar to the Federal statute with regard to the return of any overplus which might be collected.

We are of the opinion that the court was in error in dismissing the claim. The judgment of the circuit court of Cook county is, therefore, reversed, and the cause is remanded to the circuit court.

*Reversed and remanded.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.