[Cite as *Mace v. Mace*, 2023-Ohio-2761.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

TOMMY JOE MACE, et al., :

        Plaintiffs-Appellees, : CASE NO. 23CA700

        v. :

JAMES EUGENE MACE, et al., :

        Defendants-Appellees, :

        vs. :
        DECISION & JUDGMENT ENTRY

JACOB MCNICHOLS, :

        Intervenor-Appellant. :

_____

APPEARANCES:

Lucas A. Thompson and Brian S. Stewart, Circleville, Ohio, for intervenor-appellant.

Trecia Kimes-Brown, Hamden, Ohio, for appellee James Eugene Mace.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:7-27-23
ABELE, J.

{¶1} This is an appeal from a Vinton County Common Pleas Court judgment that distributed the proceeds of a partition-election sale. Jacob McNichols, intervenor below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN VACATING THE
SHERIFF'S SALE OF THE SUBJECT PROPERTY TO
APPELLANT JACOB MCNICHOLS BECAUSE THERE WAS
NO 'IRREGULARITY' IN THE SALE AND BECAUSE
DEFENDANT-APPELLEE JAMES MACE WAIVED HIS
RIGHTS TO CONTEST IT."

SECOND ASSIGNMENT OF ERROR:

"IN THE ALTERNATIVE, THE TRIAL COURT ERRED
BY ALLOWING DEFENDANT-APPELLEE JAMES MACE TO
PURCHASE THE SUBJECT PROPERTY IN PARTITION
FOR AN AMOUNT BELOW THE STATUTORILY REQUIRED
PRICE."

{¶2} The present appeal arises out of a complaint to partition property. On October 7, 2020, Tommy Joe Mace, Christie Pierce, and Tommy Joe Mace, as administrator for the estate of Nancy Marie Morris (plaintiffs), filed a complaint to partition real estate against, among others, James Eugene Mace, defendant below and appellee herein. The complaint alleged that the plaintiffs own three-fourths of the interest in a parcel of real estate and that appellee claims a one-fourth interest in the property. The plaintiffs asked the trial court to partition the real estate and to order it sold if it cannot be partitioned.

{¶3} On September 24, 2021, the trial court granted the request for a partition, issued a writ of partition, and appointed a commissioner. The commissioner's return stated that

the property could not be partitioned.  The commissioner also appraised the property at $90,000.

{¶4} On December 15, 2021, the trial court approved the commissioner's return and ordered any party who wished to elect to take the estate at the appraised value do so before December 31, 2021.

{¶5} On January 24, 2022, the trial court noted that, because none of the parties elected to take the property, the court ordered the Vinton County Sheriff to sell the property at public auction.  At this point, the Sheriff asked three Vinton County freeholders to appraise the property.[1]  The freeholders appraised the property at $22,500.  At auction, appellant made a winning bid in the amount of $26,000.

{¶6} On July 7, 2022, appellee filed a motion to vacate the sheriff's sale.  Appellee asserted that the order of sale mistakenly stated that a judgment had been issued against him in the amount of $90,000, rather than state that $90,000 is the appraised value of the property.  Appellee pointed out that R.C. 5307.12 provides that the property shall not be "sold for less

---

We observe that when property subject to partition under R.C. Chapter 5307 must be sold at a sheriff's sale, an additional appraisal is unnecessary.  *See* 5307.12(A)(1) ("[t]he sale shall be conducted as upon execution, except that it is unnecessary to appraise the estate").

than two thirds of the value returned by the commissioner" and asserted that he should have been provided the opportunity to buy the property for $22,500 before the public auction, or the sheriff should have used the $90,000 value with an opening bid of $60,000.

{¶7} On October 5, 2022, the trial court vacated the sheriff's sale and held a status conference with the partition parties (the plaintiffs and appellee). The parties agreed that "a material irregularity occurred because the bidding at the Sheriff's sale began at a level significantly lower than the Return of Commissioner previously filed with the Court." The court stated that because it would "not confirm the Sheriff's sale," it vacated the sale and ordered the case to proceed as if the sale had not occurred. The court then allowed the partition parties to elect to take the property with the lower value as the opening bid. Appellee and plaintiff Christie Pierce elected and appellee placed the higher bid of $25,250. The court approved appellee's election, ordered him to pay the amount due, and directed the Vinton County Sheriff to execute and deliver a deed to appellee. The court stated that it would hold a separate hearing to decide how to distribute the sales proceeds.

{¶8} On October 6, 2022, appellant filed a motion to ask the trial court to allow him to intervene before the court

issued a decision regarding appellee's motion to vacate the sheriff's sale. The certificate of service indicates that appellant sent this motion on October 3, 2022, but it was not docketed until October 6, 2022, the day after the trial court approved appellant's election to take the property.

{¶9} On November 2, 2022, the trial court granted appellant's motion to intervene and sua sponte set the matter for a hearing to reconsider its decision "vacating sheriff's sale of October 5, 2022." Although the court apparently intended to reconsider its decision to vacate the sheriff's sale, it did not make any mention of its October 5, 2022 decision to approve appellee's election to take the property and directed the Vinton County Sheriff to execute and deliver a deed to appellee. Thus, appellee purchased the property. On December 12, 2022, the trial court denied its own sua sponte motion to reconsider and distributed the sale proceeds. This appeal followed.

{¶10} In his two assignments of error, appellant asserts that the trial court erred by vacating the sheriff's sale and by allowing appellee to purchase the property for $22,250. He asks that we reverse and remand the trial court's judgment so that he can purchase the property for the amount of his original bid, $26,000.

{¶11} We initially observe that in a partition action, an order that confirms an election or partitions property is similar to an order of sale in a foreclosure action and, hence, constitutes a final order. *See Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 11*,* quoting *Mitchell v. Crain*, 108 Ohio App. 143, 149 (6th Dist.1958) ("'the final order from which appeals may be had in partition are limited to the order of partition and the order confirming the sale'")*; Schrader v. Schrader*, 4th Dist. Hocking No. 03CA20, 2004-Ohio-4104, ¶ 14, fn. 3 ("the final orders in a partition action are the order of sale and the confirmation"); *Malone v. Malone*, 119 Ohio App. 503, 505, 199 N.E.2d 405 (4th Dist.1963) ("order permitting the bank to file an election to purchase at the appraised value was a final order"). And an order that distributes the proceeds following an election is similar to an order confirming a sale in a foreclosure action and, thus, constitutes a final order. *See Hack at* ¶ *11; Schrader at* ¶ 14, fn. 3. In the case sub judice, one of the October 5, 2022 orders confirmed appellee's election and the December 12, 2022 order distributed the proceeds.

{¶12} If the other October 5, 2022 order – the order that "vacated" the sheriff's sale – is a final order, then the motion to reconsider that order is a nullity. *See Pitts v. Dept. of*

*Transportation*, 67 Ohio St.2d 378, 379-381, 423 N.E.2d 1105 (1981) (motion to reconsider a final judgment "a nullity" and "a legal fiction"). Moreover, if either the October 5, 2022 order that approved appellee's election or the order that vacated the sheriff's sale constitutes a final order, any appeal should have been filed within 30 days of the order. Thus, a question arises whether we should dismiss this appeal on the basis that it is untimely. *See Hack v. Keller*, 9th Dist. Medina No. 14CA0036-M, 2015-Ohio-4128, ¶ 11, fn.1 (case law regarding finality of partition orders is unclear). Nevertheless, as we explain below, we believe that we must dismiss this appeal because it is moot.

{¶13} "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing 1 Rotunda, Novak & Young, Treatise on Constitutional Law: Substance and Procedure, 97, Section 2.13 (1986). "Ohio courts have long exercised judicial restraint in cases which are not actual controversies. No actual controversy exists where a case has been rendered moot by an outside event." *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Thus, absent an

exception, courts ordinarily may not consider an appeal that has become moot. *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm. of Ohio*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15 ("an appellate court need not consider an issue, and will dismiss the appeal, when the court becomes aware of an event that has rendered the issue moot"); *State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712 (1987) (reversing appellate court decision that considered moot appeal); *Schwab v. Lattimore*, 166 Ohio App.3d 12, 2006-Ohio-1372, 848 N.E.2d 912, ¶ 10 (1st Dist.) ("The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect").

**{¶14}** In general, a "'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Moreover, a case is moot when an event occurs that "renders it impossible for the court to grant any relief." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21, syllabus (1910); *accord State ex rel. Maxwell v. Brice*, 167 Ohio St.3d 137, 2021-Ohio-4333, 189 N.E.3d 771, ¶ 18. "Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration

of the merits is warranted." *State ex rel. Gaylor v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 11; *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 7.

**{¶15}** In the case sub judice, it appears that we cannot grant appellant any relief. Thus, this appeal is moot. On October 5, 2022, appellee elected to purchase the property, and the trial court ordered the sheriff to execute a deed to appellee. The next day, appellant filed a motion to intervene. Appellant did not, however, seek a stay of the trial court's October 5, 2022 decision to approve appellant's election and order the sheriff to execute a deed to appellant. As a consequence, appellee purchased the property. Later, on December 12, 2022, the trial court distributed the proceeds from appellant's purchase of the property.

**{¶16}** Despite the property being transferred to appellee and the proceeds distributed, appellant asks this court to reverse and remand the trial court's decision so that he may purchase the property for the amount of his bid at the sheriff's sale. However, appellant does not cite authority to authorize this court to order the trial court to direct appellee to divest himself of the property and to sell it to appellant for $26,000. Unlike a foreclosure case, the partition statutes do not contain

any provisions that authorize restitution. *See Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885, ¶ 29, citing R.C. 2329.45. Therefore, it appears that we cannot grant appellant any effective relief. Consequently, this appeal is moot. *In re Appropriation for Hwy. Purposes*, 169 Ohio St. 314, 316, 8 O.O.2d 315, 159 N.E.2d 451, 453 (1959) (case moot when judgment paid to landowner by court order); *accord DeMeter v. Castle Bail Bonds, Inc.*, 10th Dist. Franklin No. 14AP-918, 2015-Ohio-2540, ¶ 7-8 (judgment satisfied in full rendering appeal moot after trial court disbursed garnished funds to appellee); *Ohio Power Co. v. Ogle*, 4th Dist. Hocking No. 12CA14, 2013-Ohio-1745, ¶¶ 13-14 (appeal regarding distribution of damages moot when clerk already had distributed damage award to appellants); *Atlantic Veneer Corp. v. Robbins*, 4th Dist. No. 03CA719, 2004-Ohio-3710, ¶ 8 and 17 (appeal moot when party satisfied judgment and did not seek a stay of execution pending appeal); *Slovak v. University Off-Campus Housing*, 4th Dist. No. 99CA50, 2000 WL 680479, *1 (May 19, 2000) (declined to address merits of claim when record indicated judgment had been satisfied).

{¶17} Furthermore, it appears that none of the exceptions to the mootness doctrine apply. *See Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 598, 653

N.E.2d 646 (1995) ("even where appeals to this court might be deemed technically moot, this court may nevertheless hear them where, as here, the appeal contains issues of great public or general interest").  The case at bar involves a partition of real property between private parties and a third party's desire to purchase the property.  None of the issues concerns "issues of great public or general interest."  *McCarthy v. Lippitt*, 7th Dist. Monroe No. 04-MO-1, 2004-Ohio-5367, ¶ 38 ("[t]he distribution of proceeds from the severance of a joint tenancy is private and contains no matters of great public interest").

{¶18} Accordingly, based upon the foregoing reasons, we dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.