[Cite as *Edwards v. Wilcox*, 2024-Ohio-1123.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| VIRGINIA EDWARDS, | CASE NO. 2023-P-0059 |
| Plaintiff-Appellee/<br>Cross-Appellant, | |
| | Civil Appeal from the<br>Court of Common Pleas |
| - vs - | |
| CHRISTOPHER WILCOX, et al., | Trial Court No. 2020 CV 00303 |
| Defendant-Appellant/<br>Cross-Appellee. | |

# O P I N I O N

Decided: March 25, 2024
Judgment: Appeal and cross-appeal dismissed

*Joseph A. Bruce*, *Eli R. Heller*, and *Joseph A. Kacyon*, Hoover Kacyon, LLC, 527 Portage Trail, Cuyahoga Falls, OH 44221 (For Plaintiff-Appellee/Cross-Appellant).

*Bradley N. Jeckering* and *Dalia G. Safadi*, Jeckering & Associates, LLC, 1042 Dublin Road, Suite A, Columbus, OH 43215 (For Defendant-Appellant/Cross-Appellee).

EUGENE A. LUCCI, P.J.

{¶1} Appellant/cross-appellee, Christopher Wilcox, and appellee/cross-appellant, Virginia Edwards, appeal the judgment ordering the sale of, and determining their respective equity interests in, real property that they jointly owned. For the reasons that follow, the appeal and cross-appeal are dismissed as moot.

{¶2} In 2018, the parties each acquired an undivided, one-half interest in the subject property through a survivorship deed. In 2020, Edwards filed a petition for partition of the property. Thereafter, Wilcox counterclaimed for partition and for unjust

enrichment, alleging that he had paid expenses relative to the property to which Edwards had not contributed. Subsequently, the court permitted Portage Community Bank, which holds the mortgage securing the property, to intervene as a party defendant.

{¶3} After attempts at mediation failed, on April 28, 2021, the trial court issued an order noting that it was undisputed that each party owned an undivided, one-half interest in the property and concluding that, pursuant to statute, three commissioners would be appointed to determine whether the property could be physically divided without manifest injury to its value. The trial court ordered that, if the commissioners determined that partition of the property would manifestly injure its value, the commissioners return such a finding to the court along with an appraised value of the property. Further, the trial court ordered that, if neither party, or both parties, elected to purchase the property at the appraised value, the property would be sold and the proceeds distributed according to each party's interest in the property.

{¶4} Thereafter, the trial court issued a writ of partition to the sheriff. The sheriff returned the writ, executed by the three commissioners, finding that they were of the opinion that the property could not be partitioned without manifestly injuring its value, and appraising the property for $350,000.00. On October 22, 2022, the trial court issued an order allowing 30 days for either party to elect to purchase the property at the appraised value.

{¶5} On November 19, 2022, Edwards filed an election to take the property at the appraised value but according to specific terms, including a credit for her equity as well as a payment from Wilcox from his equity. After a status conference, a magistrate issued an order stating that Edwards could not purchase the property with the equity

2

offsets that she claimed because the court had not yet determined each party's respective equity in the property. The magistrate ordered that the matter be reset in 30 days to determine if Edwards could purchase the property at the full appraised value. On March 16, 2022, the trial court issued an order stating that Edwards was unable to purchase the property at the full appraised value and ordering the property to be sold at sheriff's sale and the proceeds held in escrow until further order.

{¶6} Thereafter, Edwards filed a motion requesting the court determine the parties' equity interests in the property so that she could obtain financing to purchase the property pursuant to her prior election. Wilcox did not respond to this motion, and the trial court stayed the sheriff's sale until further order and set the matter for hearing before a magistrate to determine the parties' equity interests in the property.

{¶7} After hearing, the magistrate issued a decision on June 5, 2023, concluding that the property should be sold and that the parties should share equally in the net proceeds of the sale. However, the magistrate determined that Wilcox should pay $6,877.58 to Edwards from his share of the proceeds, which represented the sum of one-half of an amount expended by Edwards to remove a damaged pool, one-half of certain homeowner's insurance proceeds that Wilcox had retained, the total cost of utilities that Edwards had paid while Wilcox was the sole occupant of the property, and the total cost for repairing interior doors that suffered damage while Wilcox was the sole occupant of the property. The magistrate did not provide any credit in equity to Wilcox for the mortgage payments he had made that formed the basis of his unjust enrichment claim. The trial court adopted the magistrate's decision on the same day it was issued and independently entered judgment ("order adopting magistrate's decision"). Also, on the

3

same day, the trial court issued an order on a motion filed by Portage Community Bank to proceed with sheriff's sale or other relief. In this order, the court provided Edwards with 30 days to acquire financing to purchase the property with the equity offsets that had been determined and ordered that, if Edwards failed to secure such financing, the property be sold at sheriff's sale ("order for sheriff's sale").

{¶8} On June 20, 2023, Wilcox filed objections and a motion to supplement the objections when the transcript was completed. Thereafter, Edwards filed a motion to dismiss Wilcox's objections as untimely, and, in the event the trial court did not dismiss Wilcox's objections, Edwards submitted her own objections. In addition, on June 26, 2023, Edwards filed a motion to stay the June 5, 2023 order for sheriff's sale pending resolution of the objections.

{¶9} On July 6, 2023, the trial court issued three orders. In one order, the trial court denied Edwards' motion to dismiss Wilcox's objections, finding that the objections were timely filed due to the observance of the Juneteenth holiday. In another order, the trial court denied Wilcox's motion to supplement his objections, noting that the transcripts of the hearing before the magistrate were filed with the trial court on June 5, 2023. In the remaining order, the trial court overruled both parties' objections.

{¶10} On July 7, 2023, the trial court granted Edwards' June 26, 2023 motion to stay for 30 days. On July 10, 2023, Edwards moved to compel compliance and transfer real estate, maintaining that she had secured financing and was ready to close on the property. On July 21, 2023, the trial court granted Edwards' motion to compel the sale.[1]

---

1. This order was later amended on July 24, 2023, to include an exhibit providing the legal description of the property at issue.

4

{¶11} On July 28, 2023, Wilcox filed a motion to stay in the trial court, stating:

> Now comes Defendant, Christopher Wilcox hereby submits the following, Motion to stay per the 7/10/2023 Motion to compel compliance and transfer real estate. The reason for the Motion to Stay is for the Defendant Christopher Wilcox's attorney Bradley Jeckering @ Jeckering & Associates LLC to file a notice of representation and notice of appeal to the judge's decision on 7/6/2023.

{¶12} Thereafter, Wilcox appealed the July 6, 2023 order overruling his objections, and Edwards cross-appealed.

{¶13} Subsequently, Edwards filed a motion to dismiss the appeal pursuant to App.R. 15(A), maintaining that the appeal is moot because the judgment of the trial court has been satisfied. In support, Edwards maintains that Wilcox failed to obtain a timely stay of the trial court's judgment, and, as a result, Edwards purchased the subject property, the proceeds of the sale have been distributed, and Wilcox cashed the check that he received from the title company for his share of the proceeds.[2] *See Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910) ("an event that causes a case to become moot may be proved by extrinsic evidence outside the record").

{¶14} In opposition to the motion to dismiss, Wilcox maintains that: (1) the facts of this case are distinguishable from those in *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990), which Edwards cited in support of her motion, (2) he was not afforded the full amount of time due to him by rule to respond to the motion to compel the

---

2. As an alternative basis for dismissing the appeal, Edwards maintains that Wilcox failed to ensure that a complete record was filed in accordance with App.R. 9(A)(1), because the exhibits submitted at the hearing before the magistrate were not made a part of the record. As we are resolving this case on the issue of mootness, we need not reach the alternate basis for dismissal.

5

sale, and (3) this court may afford him relief through restitution pursuant to R.C. 2329.45. Wilcox does not dispute that the property has been sold and the proceeds distributed.

{¶15} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Generally, in civil actions, cases are extinguished through satisfaction of the judgment, rendering an appeal of that judgment moot. *Villas at Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co.*, 12th Dist. Warren No. CA2009-12-165, 2010-Ohio-2822, ¶ 11.

{¶16} In *Blodgett*, the Ohio Supreme Court held:

> It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. "'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'"

*Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus. Just as voluntarily paying a judgment renders an appeal of the judgment moot, "accepting payment of the judgment renders an appeal from that judgment moot." *Marotta Bldg. Co. v. Lesinski*, 11th Dist. Geauga No. 2004-G-2562, 2005-Ohio-558, ¶ 18, citing *Mason v. Mason*, 8th Dist. Nos. 80368, 80407, 2002-Ohio-6042, ¶ 4-5. An appealing party's failure to obtain a stay renders a satisfied judgment "voluntary." *Lesinski* at ¶ 19; *RNE Enterprises, LLC v. Imperial Kitchen Cabinet Factory, LLC*, 8th Dist. Cuyahoga No. 110747, 2022-Ohio-1671, ¶ 5.

6

{¶17} Wilcox maintains that *Blodgett* is distinguishable from the facts present here, because, in that case, the appellant signed a document agreeing that the judgment had been satisfied. *Blodgett* at 246-247. While we recognize that the appellant in *Blodgett* signed a satisfaction of judgment so that she could receive the judgment from escrow, this distinction does not alter the premise that the sale and distribution of funds satisfies a judgment, thus rendering an appeal of that judgment moot. *See id.* at 244; *Villas at Pointe of Settlers Walk Condominium Assn.* at ¶ 18 (in dispute between lienholders regarding the priority of liens, "the sale and distribution of funds has rendered the matter extinguished through satisfaction of the judgment, and like unpeeling the apple, this court cannot afford relief to the parties in the action").

{¶18} Next, as to Wilcox's argument that the trial court wrongfully compelled sale of the property after having issued a stay, as set forth above, on July 7, 2023, the trial court granted a 30-day stay of the June 5, 2023 sheriff's sale order based on its interpretation of Edwards' motion for a stay filed while the objections were pending, which she had filed to protect her election to purchase the property. The effect of the court's July 7, 2023 order granting Edwards' motion for stay was to stay *the sheriff's sale*. Nothing in Edwards' motion requested, and nothing in the trial court's July 7, 2023 order provided for, a stay of the sale *to Edwards*. Neither party moved to stay the July 6, 2023 order overruling the parties' objections and adhering to the June 5, 2023 order adopting the magistrate's decision prior to sale of the property to Edwards and disbursement of the proceeds. The fact that the trial court never ruled on Wilcox's motion for a stay, which the parties agree was filed after disbursement of the proceeds, is inapposite. *See Hagood v. Gail*, 105 Ohio App.3d 780, 790-791, 664 N.E.2d 1373 (11th Dist.1995); and *Spencer*

7

*v. Kiowa Developing Co.*, 9th Dist. Summit Nos. 19524, 19532, 2000 WL 15079, *1 (Jan 5, 2000).

{¶19} Last, as to Wilcox's argument that this matter is not moot because he may obtain effective relief through R.C. 2329.45, that statute provides:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor. In ordering restitution, the court shall take into consideration all persons who lost an interest in the property by reason of the judgment and sale and the order of the priority of those interests.

{¶20} However, this case pertains to the division of the parties' equity interests in land through a partition action under R.C. Chapter 5307. R.C. 2329.45 does not apply to partition actions. *Mace v. Mace*, 4th Dist. Vinton No. 23CA700, 2023-Ohio-2761, ¶ 16 ("[u]nlike a foreclosure case, the partition statutes do not contain any provisions that authorize restitution"), citing *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885, ¶ 29, citing R.C. 2329.45.

{¶21} Therefore, as the trial court's judgment has been satisfied, the appeal and cross-appeal are moot, as there is no further relief this court may provide.

{¶22} The appeal and cross-appeal are dismissed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

8

Case No. 2023-P-0059